**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Barclay TAIT and Sherry Tait, et al., Defendants–Appellees.**

No. 99–6578.

United States Court of Appeals, Sixth Circuit.

Oct. 4, 2001.

Before BOGGS, and MOORE, Circuit Judges; BELL, Chief District Judge.*

PER CURIAM.

In this diversity case, we are asked to review a grant of summary judgment by

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

the district court interpreting an automobile insurance policy. Plaintiff–Appellant Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers") appeals the district court's decision to deny its motion for summary judgment and to grant the Defendants–Appellees' motion for summary judgment. The question before the district court was whether the Taits' Tennessee Farmers automobile insurance policy covers the Taits' medical expenses and lost wages arising from an accident in Colorado. The district court found that the policy was ambiguous and required Tennessee Farmers to pay the Taits' medical expenses and lost wages. We disagree, and the judgment is reversed.

## I.

In 1993, the Taits purchased an automobile insurance policy from Tennessee Farmers, a Tennessee insurance company doing business only in Tennessee. The Taits added a Chevrolet Blazer to the policy in January of 1998. When the Blazer was included on the policy, the Taits were residents of Blount County, Tennessee. On April 13, 1998, however, the Taits changed their residence to Colorado, apparently without informing Tennessee Farmers or obtaining Colorado automobile insurance. The Taits were involved in an accident in Colorado on May 11, 1998, when their Blazer was struck by another vehicle.

After the accident, the Taits filed a claim under the policy with Tennessee Farmers seeking payment for their medical expenses and lost wages. Tennessee Farmers denied the Taits' claim and filed this action seeking a declaration that the Tennessee Farmers policy did not provide this coverage. Both parties moved for summary judgment. The district court granted the Taits' motion for summary judgment, denied Tennessee Farmers' motion

for summary judgment, and held that the Taits were entitled to recover for their medical expenses and lost wages under their Tennessee Farmers auto insurance policy.

Three provisions of the Taits' Tennessee Farmers insurance policy are pertinent to this dispute. First, the policy states that "[w]hen certified under any law as proof of future financial responsibility, ... this policy shall comply with such law to the extent required." ("FFR provision"). (J.A. at 91). Second, the policy will satisfy "a financial responsibility law specifying minimum limits of liability." ("liability provision"). (J.A. at 91). Third, the policy will include coverage necessary for insureds to comply with "a compulsory insurance law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state." ("nonresident provision"). (J.A. at 91).

## II.

A grant of summary judgment receives de novo review in this court. *DBM Techs., Inc. v. Local 227, United Food & Commercial Workers Int'l Union*, 257 F.3d 651, 655 (6th Cir.2001). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). An issue concerning a material fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Under Rule 56, the court must view the evidence in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment

is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Summary judgment is proper if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the party's case for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.

■ The policy provides that Tennessee law "govern[s] the validity, construction, interpretation and effect of this policy." (J.A. at 105). Under Tennessee law, insurance contracts are construed "in the same manner as any other contract." *Alcazar v. Hayes,* 982 S.W.2d 845, 848 (Tenn. 1998). "The policy's language must be given its plain and ordinary meaning." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.,* 64 F.3d 1001, 1006 (6th Cir.1995). Where there is an ambiguity or uncertainty with regards to the terms of an insurance policy, the court must interpret the terms strictly against the drafter of the policy. *NSA DBA Benefit Plan, Inc. v. Conn. Gen. Life Ins. Co.,* 968 S.W.2d 791, 795 (Tenn.Ct.App.1997).

### A.

■ Applying these contract interpretation principles to the FFR provision, this Court finds that because the FFR provision does not apply to these facts, the provision does not provide any coverage for the Taits' medical expenses and lost wages. A plain reading of the FFR provision specifies that the policy is only proof of future financial responsibility when it is *"certified."* (J.A. at 91, emphasis added). Nothing in the record indicates either that the Taits were required under Colorado law to provide proof of future financial responsibility or that the policy was certified under Colorado law.

In Colorado, motor vehicle owners, whose vehicles are in accidents, are generally required to file proof of financial responsibility. COLO.REV.STAT. § 42–7–301 (2000). An important exception to this rule, however, applies "[t]o the operator or owner if such owner had in effect at the time of such accident an automobile liability policy with respect to the motor vehicle involved in such accident." COLO.REV.STAT. § 42–7–302(1)(f) (2000). Consistent with the exception, the Taits had a liability policy at the time of their accident and were not required to file proof of financial responsibility.

Moreover, unless authorized to do business in Colorado, an insurance company must take affirmative steps to certify its policy as proof of future financial responsibility. COLO.REV.STAT. § 42–7–301(6) (2000). In particular, the insurance company must "execute[ ] a power of attorney authorizing the director to accept, on its behalf, service of notice or process in any action upon such policy or bond arising out of such accident." *Id.* The record is void of any claims or assertions that Tennessee Farmers has certified its policy consistent with this provision of Colorado law. Consequently, even if the Taits were required to provide proof of future financial responsibility, they could not rely on their Tennessee Farmers policy as this proof. Because the Taits have not complied with the conditions of the FFR provision in their Tennessee Farmers policy, they are not entitled to any benefits under the FFR provision.

### B.

■ Although the Taits argued that they are entitled to coverage of their medical expenses and lost wages under the liability provision of their Tennessee Farmers Policy, the district court disagreed. (J.A. at 113). We agree with the

district court that the liability provision does not require Tennessee Farmers to provide the Taits with this coverage.

Under the liability provision, the Tennessee Farmers policy will comply with "a financial responsibility law specifying minimum limits of liability ... higher than the limits shown in the [policy] Declarations." (J.A. at 91). The key question is whether liability includes the coverage that the Taits seeks. To interpret the meaning of liability, we follow Tennessee law by first looking to the policy and then to the plain and ordinary meaning of the word liability. *Johnson v. Johnson,* 37 S.W.3d 892, 896 (Tenn.2001).

The policy covers "bodily injury and property damage for which any covered person becomes *legally liable to pay* because of an accident." (J.A. at 88, emphasis added). The policy's definition of liability is consistent with the plain and ordinary meaning of liability. *Black's Law Dictionary* defines liability as "[t]he quality or state of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." BLACK'S LAW DICTIONARY 925 (7th ed. 1999); *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1302 (Philip Babcock Gove ed. 1986) (including in the definition of liability "an obligation or duty which is owed by one person to another ... to perform some act or to do something for the benefit of the latter").

The clear and unambiguous meaning of liability in this policy is an obligation to pay another. Thus, under the policy's language, the Taits may only recover for benefits which they owe to other parties. In this case, however, the Taits are seeking insurance coverage and benefits for themselves, and the liability provision does not provide this coverage. Our interpretation of liability is consistent with *Ranger v.*

*Fortune Ins. Co.,* 881 P.2d 394 (Colo.Ct. App.1994). In *Ranger,* the court required a Florida insurance policy to provide medical benefits coverage to a passenger. *Id.* at 397. Under our interpretation of the Taits' Tennessee Farmers policy, medical benefits and lost wages of a passenger are an insured's liability and are specifically covered by the liability provision. Because this case involves coverage for an insured's medical benefits and lost wages and not a passenger's medical benefits and lost wages, the *Ranger* decision is not applicable.

C.

■ Lastly, because the nonresident provision also does not apply to this case, the Taits may not recover any benefits under the nonresident provision. The nonresident provision states that the Tennessee Farmers policy will comply with "a compulsory insurance law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province." (J.A. at 91). The Taits' brief states that "[o]n or about April 13, 1998, the Taits moved to Colorado to change their residence for all purposes." (Appellees Br. at 4). Consequently, because the Taits were residents of Colorado, they are not entitled to coverage under this provision.

Although the Taits are not covered in this case, our reading of Colorado law suggests that residents of Tennessee with similar Tennessee Farmers' policies do have coverage for these types of benefits when they travel to Colorado. Colorado law requires nonresidents driving in Colorado to have specific coverages. These mandatory coverages include "[c]ompensation without regard to fault ... for payment of all reasonable and necessary expenses for medical ... [and] nonmedical remedial care and treatment ... within five years after the accident for bodily injury arising out of the use or operation

of a motor vehicle." CoLo.Rev.Stat. § 10–4–706(1)(b)(I) (1998), *amended by* 1999 CoLo. Sess. Laws Ch. 78 § 1. These medical benefits are the very benefits that the Taits are seeking in this action. As a result, the very narrow decision in this case should not have any effect on Tennessee Farmers' insureds, who remain residents of Tennessee and travel to Colorado.

## IV.

Based on our analysis, we find that the Taits' Tennessee Farmers automobile insurance policy does not provide them with coverage for medical expenses and lost wages resulting from a Colorado resident's accident in Colorado. Therefore, we REVERSE the decision of the district court and REMAND with instructions to GRANT the Plaintiff–Appellant Tennessee Farmers' motion for summary judgment.