IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2003 Session

# TITAN TRUCKING, LLC
v.
# AMERICAN HOME ASSURANCE COMPANY AND BEERS CONSTRUCTION COMPANY, INC.

### Appeal from the Chancery Court for Rutherford County
### No. 01-2279CV    Robert E. Corlew, III, Chancellor

### No. M2002-01747-COA-R3-CV - Filed September 11, 2003

This case involves the interpretation of a performance payment bond. The city contracted with a construction company to make improvements to a public project. The construction company entered into a performance payment bond with the surety to protect the city. The public project required excavation of soil, and the contract allowed the construction company to either relocate the dirt or remove it. A third party purchased the dirt. The purchaser's subcontractor hired a trucking company to move the dirt for the purchaser. The trucking company was never paid for its services. The trucking company sued the construction company and the surety under the terms of the performance payment bond. The trial court granted summary judgment in favor of the construction company and the surety. The trucking company appeals. We affirm, finding that the services provided by the trucking company were not covered under the terms of the performance payment bond because the construction company was not obligated to pay the third party purchaser for removal of the dirt.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

David M. Smythe, Nashville, Tennessee, for appellant, Titan Trucking, LLC.

John P. Branham, John D. Wood, and Samuel L. Jackson, Brentwood, Tennessee, and Calvin T. Vick, Jr., Atlanta, Georgia, for appellants, American Home Assurance Company and Beers Construction Company, Inc.

**OPINION**

In July 1997, Defendant/Appellee Beers Construction Company, Inc. ("Beers") entered into a contract ("General Contract") with the City of Murfreesboro to make improvements at the Sinking Creek Wastewater Project ("Project") in Rutherford County, Tennessee. The General Contract required Beers to "furnish a performance bond . . . as security for the payment of all persons performing labor on the project under [the General Contract] and furnishing materials in connection with [the General Contract]. . . ." Beers, the principal, and Defendant/Appellee American Home Assurance Company ("American"),[1] the surety, entered into a performance payment bond ("Bond") on July 28, 1997 for $32,721,692. The Bond guaranteed "payment to all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work [under the General Contract] . . . ."

Work on the Project required excavation of soil. Under the General Contract, Beers was permitted to either relocate the excavated material (dirt) to another area on the Project site, or remove the dirt from the site. A representative of Ed Boyd Excavating, Inc. ("Ed Boyd") approached Beers's Project manager, who agreed to sell some of the excavated materials to Ed Boyd at $10 per load. Beers invoiced Ed Boyd for $15,450 for dirt removed from the Project site. Ed Boyd contracted with Little Joe's Construction Company ("Little Joe's") to transport the dirt from the Project site. Plaintiff/Appellant Titan Trucking, LLC ("Titan Trucking") contracted with Little Joe's to provide the trucking services. Titan Trucking was not paid for $37,415.25 of the services it provided.

Titan Trucking filed a notice of claim with Beers under the Bond, pursuant to the requirements of section 12-4-205 of the Tennessee Code Annotated. Beers's servicing agent requested a proof of claim, which Titan Trucking provided. The monies owed to Titan Trucking remained unpaid. Titan Trucking then filed a "Verified Complaint to Enforce Bond Claim" in the Chancery Court of Rutherford County. Titan Trucking asserted that it had a contract with Little Joe's, that Little Joe's was a subcontractor to Ed Boyd, and that Ed Boyd "had a direct contract with the Defendant Beers to provide the trucks for removal of soil and other materials from this public project." On this basis, Titan Trucking sought a judgment against Beers for the monies owed, pursuant to the performance bond.

Titan Trucking moved for summary judgment, arguing that Titan Trucking was entitled to judgment as a matter of law because Ed Boyd was Beers's subcontractor, and because Titan Trucking provided labor to discharge Beers's obligations under the General Contract. Consequently, Titan Trucking argued that it was entitled to payment under the Bond, which guaranteed payment to entities performing labor in prosecution of the General Contract. Beers opposed Titan Trucking's motion for summary judgment and filed a cross-motion for summary judgment. Beers asserted that Titan Trucking essentially alleged that it was a third-party beneficiary to the Bond, and as such, Titan Trucking had the burden of proving that the parties to the Bond intended to have the Bond operate in favor of Titan Trucking. Beers maintained that Titan Trucking was not a third-party beneficiary

---

[1]Beers and American will be referred to collectively as "Beers," unless the facts necessitate otherwise.

under the Bond because it did not perform work under the General Contract, but rather, merely moved dirt that Ed Boyd purchased from Beers for use on Ed Boyd's unrelated project. Titan Trucking's response to Beers's cross-motion for summary judgment insisted that Titan Trucking had performed labor and provided machinery to complete work that Beers was obligated to perform under the General Contract. Thus, Titan Trucking argued, it was covered under the Bond. Titan Trucking argued that whether it was a third-party beneficiary to the Bond was irrelevant because the plain terms of the Bond were controlling.

After a hearing,[2] the trial court issued its ruling in the form of a letter addressed to all parties involved. Analyzing the facts under a theory of unjust enrichment, the trial court found that Beers was not unjustly enriched, and therefore held that "Beers had no contractual obligation with Titan [Trucking], and thus owed nothing to Titan [Trucking]. Because Beers owed nothing, the insurance company employed to guarantee payments owed by Beers . . . owes nothing." The trial judge further found that "the obligation of the insurance carrier is only to pay those obligations which Beers incurred and for which it did not pay to those sub-contractors who reasonably anticipated payment from Beers." Because Beers did not agree to pay Titan Trucking, and because "Titan [Trucking] could not justifiably look to Beers for payment," the trial court found that American had no obligation to remunerate Titan Trucking. Finally, the trial court found that the language of the Bond was substantially similar to a Tennessee statute permitting a lien on non-governmental construction projects. Because Titan Trucking would not have been entitled to a statutory lien under the circumstances, the trial judge held that Titan Trucking was likewise precluded from seeking compensation from Beers under the Bond. The trial court issued an order reflecting the rulings in its letter. From this order, Titan Trucking appeals.

On appeal, Titan Trucking argues that the trial court erred in granting Beers's cross-motion for summary judgment because the trial judge had found that Titan Trucking's services satisfied a portion of Beers's obligations under the General Contract. Titan Trucking asserts that the trial court improperly limited coverage under the Bond, and it erred in finding that Titan Trucking was required to establish that it would be entitled to a statutory lien in order to recover under the Bond.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Titan Trucking first argues that it is irrelevant who Beers thought it was obligated to pay under the Bond because the language of the Bond unambiguously requires payment to anyone who

---

[2]Titan Trucking filed a notice with the trial court that no trial transcript or statement of the evidence would be filed with the appeal "because the matter was resolved at a hearing on Cross-Motions for Summary Judgment."

performed services that Beers was obligated to perform under the General Contract. Thus, because Beers was obligated to either remove or relocate the dirt from the excavation, and because Titan Trucking removed the dirt, Titan Trucking argues its labor is covered under the language of the Bond. Titan Trucking maintains that it makes no difference whether Beers paid someone to haul the dirt away or whether Ed Boyd paid Beers ten dollars per load for the materials.

Beers asserts that Titan Trucking is not an intended beneficiary under the Bond because Titan Trucking neither "furnish[ed] materials for [n]or perform[ed] labor in the prosecution of the work provided for in [the General Contract]." Beers argues that Titan Trucking ignores the Bond's language requiring that the performance of labor be "in the prosecution of work provided for in [the General Contract]." Beers submits that Ed Boyd bought dirt from Beers to further Ed Boyd's unrelated project, and that Little Joe's and Titan Trucking contracted to further Ed Boyd's purposes, which were not in the prosecution of work under the General Contract.

In interpreting a contract, the initial task is to determine whether it is ambiguous. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). If there is no ambiguity, determination on summary judgment is appropriate. *Id.* In resolving contract disputes, courts must " 'ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.' " *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001) (quoting *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). The parties' intent is determined in light of the surrounding circumstances. *Worsham v. Action Realtors*, No. 03A01-9412-CV-00428, 1995 Tenn. App. LEXIS 251, at *9 (Tenn. Ct. App. Apr. 25, 1995).

In the case at bar, the contract in question, the Bond agreement between Beers and American, provides coverage for "all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work provided for in [the General Contract]." The parties' unambiguous intention in entering into the Bond, as evidenced by the provisions of the General Contract, was to protect the City of Murfreesboro from claims against it by those who provided materials or labor for the Project.

Beers, at its discretion, was entitled to choose whether it would relocate or remove the dirt from the Project. Had it elected to remove the dirt, or contracted with another entity to do so, Titan Trucking would be entitled to payment. Instead, Ed Boyd approached Beers in order to purchase soil for Ed Boyd's unrelated construction project. Ed Boyd was permitted to purchase a portion of the excavated dirt. Titan Trucking asserts that it makes no difference whether Ed Boyd purchased the soil for its own project or whether Beers paid someone to remove the soil. Beers, however, did not in fact contract to pay someone to remove the dirt. Under these circumstances, Ed Boyd purchased the soil in furtherance of his project, not in furtherance of the General Project. While Beers benefitted from this transaction, any benefit to Beers was merely incidental. Not only was Beers not obligated to pay anyone to remove the dirt, Ed Boyd paid Beers for the dirt. Since Beers did not owe Ed Boyd for removal of the dirt, Beers would not be obligated to pay Ed Boyd's subcontractor for removal of the dirt. Under these circumstances, the subcontractor, Titan Trucking, is not entitled

-4-

to compensation under the Bond. Consequently, the trial court did not err in granting Beers's motion for summary judgment.

The decision of the trial court is affirmed. Costs are taxed to Titan Trucking, LLC, and its surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE