IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 16, 2000 Session

## WILLIE JEAN CHERRY JOHNSON v. JAMES FRANKLIN JOHNSON

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. 150843-9      Robert L. Childers, Judge**

---

**No. W1999-01232-SC-R11-CV - Filed February 23, 2001**

---

The parties' marital dissolution agreement ("MDA") divided Mr. Johnson's "military retirement benefits" to provide one half of those benefits to Ms. Johnson. After the final decree was entered, Mr. Johnson unilaterally waived a portion of his military retired pay to receive the same amount in non-taxable disability benefits. The payment of Ms. Johnson's share of the military retired pay was reduced accordingly. Ms. Johnson requested a modification of the MDA to provide for alimony in an amount equal to the reduction. Both the trial court and the Court of Appeals denied the requested relief, relying on Gilliland v. Stanley, No. 3258, 1997 WL 180587 (Tenn. Ct. App. April 16, 1997). We interpret the petition to modify as a petition to enforce the divorce decree. We hold that when an MDA divides military retirement benefits, the non-military spouse obtains a vested interest in his or her portion of those benefits as of the date of the court's decree. Any act of the military spouse that unilaterally decreases the non-military spouse's vested interest is an impermissible modification of a division of marital property and a violation of the final decree of divorce incorporating the MDA. The case is remanded to the trial court for enforcement of the decree.[1]

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Reversed; Case Remanded to Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Ronald D. Krelstein, Germantown, Tennessee, for the plaintiff/appellant, Willie Jean Cherry Johnson.

Dennis J. Sossaman, Memphis, Tennessee, for the defendant/appellee, James Franklin Johnson.

---

[1] Oral argument was heard in this case on November 16, 2000, in Jackson, Madison County, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

**OPINION**

BACKGROUND

In 1996, the marriage of James Franklin Johnson, then an active-duty member of the United States Marine Corps, and Willie Jean Cherry Johnson was dissolved. Pursuant to their divorce, the parties entered into a written MDA.

Under a heading entitled, "Alimony and Division of Marital Estate," the MDA provided that Mr. Johnson would pay to Ms. Johnson

> the sum of $1,845.00 per month as support commencing May 1, 1996, and continuing until February 1, 1997, at which time Husband will begin receiving his military retirement . . . . Upon retirement, Wife shall receive one-half of all military retirement benefits due the Husband.

The Final Decree of Divorce, entered on December 11, 1996, incorporated the provisions of the MDA.

Upon Mr. Johnson's retirement, the MDA was implemented without incident. Mr. Johnson's military retired pay was $2,892.00. Ms. Johnson was paid one half of that amount in monthly installments for nearly one year. Mr. Johnson later elected, pursuant to federal law, to receive a portion of his retirement pay in the form of tax-free disability benefits. His retirement pay was reduced by the amount of those disability benefits to avoid double payment to Mr. Johnson. See 38 U.S.C. § 5305. As a result of these actions, payments to Ms. Johnson were reduced from $1,446.00 to $1,265.00, or by $181.00 per month.

Ms. Johnson petitioned the court to modify the Final Decree of Divorce. She contended that Mr. Johnson should be ordered to pay $181.00 per month in alimony in order to avoid frustration of the final decree and impairment of her rights under the MDA. In an amended petition, Ms. Johnson alternatively moved for relief from judgment pursuant to the catchall provision of Tenn. R. Civ. P. 60.02(5).

The circuit court denied Ms. Johnson's petition to modify on grounds that Gilliland v. Stanley, No. 3258, 1997 WL 180587 (Tenn. Ct. App. April 16, 1997), an unreported case of the Court of Appeals, controlled. In a comprehensive examination of relevant case law, the Court of Appeals agreed. We granted review. As this case involves only the trial court's conclusions of law, our review is de novo on the record with no presumption of correctness. See Nutt v. Champion Int'l. Corp., 980 S.W.2d 365, 368 (Tenn. 1998).

## ANALYSIS

In <u>McCarty v. McCarty</u>, 453 U.S. 210 (1981), the United States Supreme Court ruled that federal law prevented state courts from treating military retired pay as community property. Accordingly, retired pay was not subject to court division pursuant to a divorce decree. Congress responded to <u>McCarty</u> by enacting the Uniformed Services Former Spouses' Protection Act ("USFSPA"), 10 U.S.C. § 1408, <u>et seq.</u> The relief provided a military ex-spouse by the USFSPA was twofold. First, it permitted state courts to treat a military retiree's "disposable retired pay" as community property and to divide it among both ex-spouses. Second, it provided a mechanism by which the military retiree's ex-spouse could receive payment of his or her ordered allocation of the "disposable retired pay" directly from the military. 10 U.S.C. § 1408(c)(1), § 1408(d); <u>see also</u> <u>Mansell v. Mansell</u>, 490 U.S. 581 (1989).

"Disposable retired pay" is defined by the USFSPA as "the total monthly retired pay to which a member is entitled" minus certain listed deductions. 10 U.S.C. § 1408(a)(4). One of these deductions is for amounts "deducted from the retired pay . . . as a result of a waiver of retired pay required by law in order to receive [disability benefits under] title 38." 10 U.S.C. § 1408(a)(4)(B). When Mr. Johnson elected to receive disability benefits, his "total monthly retired pay" was reduced by the amount of those benefits. <u>See</u> 38 U.S.C. § 5305. Consequently, the direct payment made to Ms. Johnson was reduced by one half of the amount Mr. Johnson received as disability benefits, or by $181.00.

In order to recoup this amount, Ms. Johnson petitioned the trial court to "modify" the divorce decree to award an additional sum as alimony. While court orders directing payment of alimony may be modified upon a showing of a substantial and material change in circumstances, Tenn. Code Ann. § 36-5-101(a)(1) (2000 Supp.), court orders distributing marital property are not subject to modification. <u>Towner v. Towner</u>, 858 S.W.2d 888, 892 (Tenn. 1993); <u>see also</u> <u>Penland v. Penland</u>, 521 S.W.2d 222, 224 (Tenn. 1975).

The portion of the decree Ms. Johnson sought to modify deals with division of Mr. Johnson's military retirement benefits. Under Tennessee law, Mr. Johnson's military retired pay is marital property subject to equitable distribution. <u>Cohen v. Cohen</u>, 937 S.W.2d 823, 830 (Tenn. 1996); <u>Towner</u>, 858 S.W.2d at 891; <u>see also</u> <u>Kendrick v. Kendrick</u>, 902 S.W.2d 918, 925-26 (Tenn. Ct. App. 1994). Therefore, the payments made to Ms. Johnson pursuant to the MDA were periodic distributions of marital property rather than alimony. <u>Towner</u>, 858 S.W.2d at 890. Consequently, the divorce decree's apportionment of that marital property is not subject to modification.[2]

---

[2]Certainly, the decree is subject to some further judicial action. <u>Vanatta v. Vanatta</u>, 701 S.W.2d 824, 827 (Tenn. Ct. App. 1985) (noting division of marital property is "final and unchangeable as any other court judgment, and not subject to modification except for fraud and other grounds upon which any judgment may be attacked"). Pursuant to Tenn. R. Civ. P. 60.02, a court is authorized to relieve an aggrieved party from a final judgment in limited circumstances. While Rule 60.02 is not limited to any particular type of judgment, the bar for attaining relief is set very high and the burden borne by the movant is heavy. <u>See</u> <u>Federated Ins. Co. v. Lethcoe</u>, 18 S.W.3d 621, 624 (Tenn. 2000)

(continued...)

We are of the opinion, however, that Ms. Johnson's characterization of her petition as one seeking "modification" is incorrect. The whole of her argument and the remedy she seeks indicate that she desires no more than that which she originally received at the time of Mr. Johnson's retirement: one half of the military retired pay he was entitled to receive at the time of his retirement. Ms. Johnson's primary argument is that the term "retirement benefits" as contemplated by the MDA was intended to include both Mr. Johnson's "retired pay" and "disability benefits." She, therefore, claims that the parties agreed that she should receive one half of Mr. Johnson's post-employment military compensation in whatever form it might be paid. This argument does not support a need for modification of the divorce decree. Instead, it alleges that the parties agreed to a course of action, that the trial court ordered that action, and that Mr. Johnson has failed to perform as ordered.

Indeed, Ms. Johnson's petition expressly states that it was filed "[i]n order to recoup th[e] loss of agreed support" that resulted from Mr. Johnson's election to receive disability benefits. (emphasis added). The substance of both Ms. Johnson's petition and her argument on appeal suggests a request for enforcement rather than modification of the decree. We find no reason to elevate form over substance in this case. See Murphy v. Johnson, 64 S.W. 894, 895 (Tenn. 1901) (review of pleading seeking equity depends on substance of the pleading, not name given it by party).

Ms. Johnson petitions this Court to enforce the parties' agreement to divide equally "all military retirement benefits" as used in the MDA. The parties, however, offer differing definitions for that term. Ms. Johnson contends that "retirement benefits" was intended to encompass both "retired pay" and "disability benefits." Mr. Johnson's terse brief offers no particular construction, but at oral argument counsel indicated that "retirement benefits" should be limited to retired pay exclusive of disability benefits. An MDA is a contract and as such generally is subject to the rules governing construction of contracts. See, e.g., Towner, 858 S.W.2d at 890; Gray v. Estate of Gray, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). We therefore turn to the provisions of the MDA and rules of construction in order to resolve the meaning of "retirement benefits" as intended by the parties.

"When resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999). Such interpretation is not possible when material contract terms are ambiguous. Ambiguity, however, "does not arise in a contract merely because the parties may differ as to interpretations of certain of its provisions." Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Sys., Inc., 884 S.W.2d 458, 462 (Tenn. Ct. App. 1994). "A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 805 (Tenn. 1975).

---

[2](...continued)
(noting "Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship.").

The MDA in this case is not a model of clarity. "All military retirement benefits" is neither defined in the MDA nor a term of art with an established definition. Irrespective of the differing definitions offered by the parties, however, we find that "all military retirement benefits" is unambiguous as it is used in the MDA. We find that "retirement benefits" has a usual, natural, and ordinary meaning. In the absence of express definition, limitation, or indication to the contrary in the MDA, the term comprehensively references all amounts to which the retiree would ordinarily be entitled as a result of retirement from the military.[3] Accordingly, we hold that under the MDA, Ms. Johnson was entitled to a one-half interest in all amounts Mr. Johnson would ordinarily receive as a result of his retirement from the military.

We further hold that Ms. Johnson's interest in those "retirement benefits" vested as of the date of entry of the court's decree and could not be unilaterally altered. In In re Marriage of Gaddis, 957 P.2d 1010 (Ariz. Ct. App. 1997), the Arizona Court of Appeals was faced with facts similar to the case at bar. In Gaddis, the court's decree awarded Ms. Gaddis "one-half of [husband's] military retirement benefits as of February 1994." Id. at 1010. Following entry of the divorce decree, Ms. Gaddis received payments of one half of Mr. Gaddis' retirement income for nearly a full year. Mr. Gaddis subsequently obtained civil service employment with the federal government. Pursuant to federal law, his monthly military retirement pay was reduced by $848.22. Id. at 1011. Ms. Gaddis' half of Mr. Gaddis' military retirement pay was substantially reduced. Ms. Gaddis petitioned the court to enforce the terms of the original divorce decree.

The Arizona Court of Appeals held that Mr. Gaddis' unilateral act constituted an impermissible modification of the divorce decree. Id. at 1013. The court held that "Husband deliberately frustrated the decree by voluntarily waiving retirement benefits which the court had vested in wife. He could not reduce that vested interest by unilaterally obtaining civil service employment post-decree." Id.

We find Gaddis to be analogous to the present case. As in Gaddis, Mr. Johnson's decision to accept disability benefits resulted in a reduction of the amounts he ordinarily would have received as a result of his retirement from the military. While he certainly had the legal right to receive disability benefits, his doing so effected a reduction of the whole of his "retirement benefits," including a reduction in the half in which Ms. Johnson had a vested interest. Cf. Dexter, 661 A.2d at 174 (holding that depletion of spouse's benefits was caused by military spouse's act and not by federal law).

Mr. Johnson relies on our decision in Towner v. Towner for the proposition that there can be no post-judgment modification of an MDA. We agree. That rule of law, however, is the very reason Ms. Johnson prevails in this case. Once Ms. Johnson obtained a vested interest in Mr.

---

[3]Courts in the following jurisdictions have used "retirement benefits" in a similar sense: In re Marriage of Gaddis, 957 P.2d 1010 (Ariz. Ct. App. 1997); In re Marriage of Krempin, 83 Cal. Rptr. 2d 134 (Cal. Ct. App. 1999); In re Marriage of Pierce, 982 P.2d 995 (Kan. Ct. App. 1999); Dexter v. Dexter, 661 A.2d 171 (Md. Ct. App. 1995); In re Marriage of Strassner, 895 S.W.2d 614 (Mo. Ct. App. 1995); Owen v. Owen, 419 S.E.2d 267 (Va. Ct. App. 1992).

Johnson's "retirement benefits," Mr. Johnson was prohibited from taking any action to frustrate Ms. Johnson's receipt of her vested interest. "Nothing in the [USFSPA] suggests that a court's final award of a community property interest must [or may] be altered when the military retiree obtains [disability benefits]." Gaddis, 957 P.2d at 1013. Mr. Johnson's failure to compensate Ms. Johnson to the extent of her vested interest in his retirement benefits constituted a unilateral modification of the MDA and the divorce decree in violation of Towner. See In re Marriage of Harris, 991 P.2d 262, 265 (Ariz. Ct. App. 1999); Gaddis, 957 at 1013; Pierce, 982 P.2d at 1001 (Green, J., dissenting); Dexter, 661 A.2d at 173 n.3, 174; Strassner, 895 S.W.2d at 618; Owen, 419 S.E.2d at 270.

We hold that when an MDA divides military retirement benefits, the non-military spouse has a vested interest in his or her portion of those benefits as of the date of the court's decree. That vested interest cannot thereafter be unilaterally diminished by an act of the military spouse.[4] Such an act constitutes an impermissible modification of a division of marital property and a violation of the court decree incorporating the MDA.

In so holding, we are undeterred by the United State Supreme Court's ruling in Mansell v. Mansell, 490 U.S. 581 (1989). Mansell held that the USFSPA "does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." Id. at 594-95. The trial court's decree did not divide Mr. Johnson's disability benefits in violation of Mansell.

Immediately following Mr. Johnson's retirement, Ms. Johnson received $1,446.00 per month of Mr. Johnson's $2,892.00 per month retirement pay. Neither party has contended that this amount did not accurately represent one half of the amounts to which Mr. Johnson would ordinarily be entitled as a result of his retirement from the military. Thus, Ms. Johnson's vested interest in half of Mr. Johnson's "retirement benefits" entitles her to monthly payments of $1,446.00.

Accordingly, this case shall be remanded to the trial court for further proceedings as may be necessary to enforce its decree to provide Ms. Johnson with the agreed upon monthly payment of $1,446.00. On remand, the trial court shall give effect to its decree without dividing Mr. Johnson's disability pay.

CONCLUSION

The judgment of the Court of Appeals affirming the trial court's denial of Ms. Johnson's petition to modify is hereby reversed. This case is remanded to the trial court for further proceedings as may be necessary to give effect to its decree. Costs of this appeal are taxed to Appellee, James Franklin Johnson, for which execution may issue if necessary.

---

[4]Of course, normal fluctuations in the value of military retirement benefits not occasioned by the acts of the parties cannot constitute a unilateral deprivation of a vested interest. See Gaddis, 957 P.2d at 1011 (describing fluctuation in military spouse's gross retirement pay). But cf. Pierce, 982 P.2d at 999 (likening retirement benefits diminished by the unilateral act of military spouse to a marital asset that has simply "declined in value").

_____

JANICE M. HOLDER, JUSTICE