IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2001 Session

## MARTIN HERRICK, ET UX. v. MIKE FORD CUSTOM BUILDERS, LLC

Direct Appeal from the Chancery Court for Williamson County
No. 26004     Russ Heldman, Judge

No. M2000-02569-COA-R3-CV - Filed August 13, 2001

The Herricks entered into a sales agreement with Mike Ford for the construction of a home. The sales agreement provided that the deposit paid by the Herricks became non-refundable upon the presentation of a loan commitment letter. The Herricks presented Mike Ford with a loan commitment letter from Southeastern Mortgage Company which was conditioned upon proof of employment. Mr. Herrick was terminated from his employment, and, as a result, Southeastern denied the Herricks' loan application. The Herricks demanded Mike Ford return their deposit. Mike Ford refused, contending that the deposit became non-refundable at the time the Southeastern loan commitment letter was presented. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the Herricks. We reverse and remand.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and
Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

R. Francene Kavin, Brentwood, Tennessee, for the appellant, Mike Ford Custom Builders, LLC.

P. Edward Schell, Franklin, Tennessee, for the appellees, Martin Herrick and Lydia Herrick.

### OPINION

Martin Herrick (Mr. Herrick) and Lydia Herrick (Mrs. Herrick, or collectively, the Herricks) entered into a sales agreement (the agreement) with Mike Ford Custom Builders (Mike Ford) for the construction of a home in Williamson County, Tennessee. The agreement provided that the Herricks would pay a deposit of $22,495 upon the signing of the agreement which would be credited against the purchase price of $449,900 at closing. The deposit became non-refundable upon presentation of a loan commitment letter or other evidence of financial ability. Regarding the loan commitment, the agreement provided as follows:

LOAN COMMITMENT: Buyer will apply for mortgage loan within (3) working days of the acceptance of this offer and shall present loan commitment or other evidence of financial ability to Seller within fourteen (14) days from said acceptance. This agreement [is] contingent upon Buyers ability to obtain loan commitment letter. All of buyer's deposit(s) shall be non-refundable upon Buyer['s] presentation of loan commitment or evidence of financial ability to Seller.

Mr. Herrick applied with Southeastern Mortgage Company (Southeastern) and received a conditional loan approval which read as follows:

> Southeastern Mortgage of Tennessee, Inc. is pleased to issue this conditional loan approval to you on the house located at 9462 Waterfall Road, Brentwood, Tennessee 37027. Your loan application and supporting documentation has been reviewed and conditionally approved subject to meeting the following: . . . . No adverse changes in employment/income/assets/liabilities or credit.

Mr. Herrick accepted the loan commitment and presented the Southeastern letter to Mike Ford. Mike Ford contacted Southeastern and was assured by Southeastern that the letter received from Mr. Herrick containing the language, "conditional loan approval," was a standard commitment letter and that the approval was given conditionally upon certain criteria being met by the Herricks at the time of closing.

Construction of the home began during late summer, 1998. In November of 1998, Mr. Herrick notified Southeastern that his employment had been terminated. He then made a demand on Mike Ford for the return of the deposit. Mike Ford refused, saying that the deposit became non-refundable at the presentation of the Southeastern loan commitment letter. The Herricks then filed suit against Mike Ford, alleging that their ability to obtain financing was a condition precedent to their obligation to perform under the agreement. Both parties filed a motion for summary judgment. The trial court determined that the financing contingency was a condition precedent to the parties' performance under the agreement; the Herricks were unable to obtain financing and thus were unable to perform their obligations under the agreement; and, as such, the Herricks were entitled to the return of their deposit. This appeal ensued.

Mike Ford raises the following issues, as we perceive them, for this court's review:

1.  Whether the trial court erred in granting summary judgment in favor of the Herricks.

2.  Whether the trial court erred in finding that the agreement contained a condition precedent which served to excuse the Herricks from performance under the agreement.

3. Whether the trial court erred by finding the requirement of providing a loan commitment letter and the Herricks' inability to obtain a loan not to be severable and independent of each other.

4. Whether the trial court erred in its contract interpretation.

This appeal is from a grant of summary judgment. In their respective briefs, both parties concede that there are no genuine issues of material fact as is evidenced by the filing of cross motions for summary judgment. Summary judgment is appropriate if no genuine issues of material fact exist and the movant proves it is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03. On appeal, we must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in its favor and discarding all countervailing evidence. *See Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review only concerns questions of law, we review the record *de novo* with no presumption of correctness of the judgment below. *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

The main issue before this court is the interpretation of the following agreement provision, "All of buyer's deposit(s) shall be non-refundable upon Buyer['s] presentation of loan commitment or evidence of financial ability to Seller." It is settled law in Tennessee that the meaning of a contract provision is a question of law. *See Bradson Mercantile, Inc. v. Crabtree*, 1 S.W.3d 648 (Tenn. Ct. App. 1999). If the contract language is plain and unambiguous, it is the court's duty to interpret the contract as it is written, applying to the words of the contract their usual, natural, and ordinary meaning. *See Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001); *Hardeman County Bank v. Stallings*, 917 S.W.2d 695 (Tenn. Ct. App. 1995) *perm. app. denied*. A contract is ambiguous when its meaning is uncertain and can fairly be understood in more ways than one. *See Johnson*, 37 S.W.3d at 896 (citing *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975)). We believe the language in the agreement before this court is clear: the Herricks' deposit becomes non-refundable upon the presentation of a loan commitment letter. The agreement does not state that the loan commitment letter had to be free of conditions; rather, it simply says that upon presentment of loan commitment, the deposit becomes non-refundable. It is uncontested that the conditions listed in the Southeastern loan commitment letter were for the benefit of the mortgage company. Further, Southeastern stated in its affidavit that the loan commitment letter containing the language, "conditional loan approval," was a standard commitment letter and that the criteria contained in the loan commitment letter had to be met by the Herricks *at the time of closing*. We conclude that the presentation of the Southeastern loan commitment letter to Mike Ford made the Herricks' deposit non-refundable. Due to our finding, all remaining issues are pretermitted.

Based upon the foregoing, we reverse the judgment of the trial court, and remand this case for entry of summary judgment in favor of the appellants, Mike Ford Custom Builders, LLC. The

-3-

costs of this appeal are taxed to the appellees, Martin Herrick and Lydia Herrick, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE