# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 4, 2013 Session

## DWIGHT O. SATTERFIELD v. MARGARET H. SATTERFIELD

**Appeal from the General Sessions Court for Blount County**
**No. S4771      William R. Brewer, Jr., Judge**

---

### No. E2012-02367-COA-R3-CV-FILED-FEBRUARY 28, 2014

---

This appeal concerns post-divorce alimony issues. Dwight O. Satterfield ("Mr. Satterfield") and Margaret H. Satterfield ("Ms. Satterfield") divorced after 31 years of marriage. Mr. Satterfield some years later filed a motion to terminate alimony in the General Sessions Court for Blount County ("the Trial Court") alleging that Ms. Satterfield had been cohabiting with a man. The Trial Court ruled orally that under the Marital Dissolution Agreement ("MDA"), Ms. Satterfield's cohabitation did not precipitate termination of alimony. Before an order was entered on his first motion, Mr. Satterfield filed another motion, this time based on the statutory rebuttable presumption that arises if there is cohabitation. The Trial Court held that *res judicata* resolved the issue and that alimony would not be modified. Mr. Satterfield appeals. We affirm the Trial Court as to its interpretation of the MDA. However, as Mr. Satterfield's second motion was pending when the first order was entered, the first order was not final and the Trial Court erred in holding in its second order that *res judicata* resolved the alimony issue. We affirm, in part, and reverse, in part, the judgment of the Trial Court and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed, in part, and, Reversed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, J., joined. CHARLES D. SUSANO, JR., C.J., filed a concurring opinion.

Kevin W. Shepherd, Maryville, Tennessee, for the appellant, Dwight O. Satterfield.

Robert W. White, Maryville, Tennessee, for the appellee, Margaret H. Satterfield.

# OPINION

## Background

Mr. Satterfield sued Ms. Satterfield for divorce in 1997. The Trial Court granted the parties a divorce and entered a final decree of divorce which adopted the MDA. The MDA required Mr. Satterfield to pay Ms. Satterfield $800.00 per month in periodic alimony. The parties had no minor children.

On January 27, 2012, Mr. Satterfield filed a motion to terminate alimony wherein he alleged that Ms. Satterfield was cohabiting with another man. Mr. Satterfield argued that because of this cohabitation, alimony should terminate pursuant to a provision in the MDA. The relevant paragraph in the MDA provides:

> 5. **ALIMONY:** Husband shall pay as periodic alimony the amount of $800.00 per month until such time as Wife remarries with said alimony payments to begin January 1, 1997. In addition to the aforementioned alimony, Husband shall pay the utilities for the marital residence on behalf of his Wife, until such time as she remarries, cohabits with another man, or moves from the marital residence, whichever comes first, at which time his obligation will cease.

Ms. Satterfield filed an answer acknowledging that she had been sharing her residence with an adult male but denied that alimony should terminate under the MDA. A hearing on the motion took place on June 5, 2012. The Trial Court ruled orally that under the MDA, Mr. Satterfield was relieved of his responsibility to pay Ms. Satterfield's utilities but still was obliged to pay the $800 per month alimony.

On June 13, 2012, Mr. Satterfield filed a motion to terminate or suspend alimony under a different theory. This time, Mr. Satterfield argued that a rebuttable presumption existed under the statutory law that Ms. Satterfield supported or was being supported by her cohabitation partner and that alimony should be terminated or suspended

for this reason.[1] While this second motion was pending, the Trial Court entered its order on July 10, 2012 related to its ruling from the June 5, 2012 hearing.

A hearing was held in September 2012 on Mr. Satterfield's second motion. On October 8, 2012, the Trial Court entered its order, holding that *res judicata* resolved the second motion and that Mr. Satterfield's alimony obligation would not be terminated. The Trial Court held in relevant part:

> 2. That the issues raised in the January 27, 2012 Motion to Terminate Alimony of the original Plaintiff/Petitioner were the same issues raised by the Motion to Terminate or Suspend Alimony after the June 5, 2012 hearing including but not limited to the issue of co-habitation as to how it might affect the termination or suspension of alimony, the Court making a determination that res judicata attached on these issues pursuant to the Court's ruling announced on June 5, 2012 and that as such the Motion to Dismiss Motion to Terminate or Suspend Alimony filed by the Defendant/Respondent Margaret H. Satterfield is granted and as such the Motion to Terminate or Suspend Alimony filed by the Plaintiff/Petitioner Dwight O. Satterfield is moot.

Mr. Satterfield filed his appeal to this Court.

---

[1]Tenn. Code Ann. § 36-5-121(f)(2)(A) and (B)(2010) provides:

(A) An award of alimony in futuro shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances.

(B) In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is raised that:

> (i) The third person is contributing to the support of the alimony recipient and the alimony recipient does not need the amount of support previously awarded, and the court should suspend all or part of the alimony obligation of the former spouse; or

> (ii) The third person is receiving support from the alimony recipient and the alimony recipient does not need the amount of alimony previously awarded and the court should suspend all or part of the alimony obligation of the former spouse.

**Discussion**

Though not stated exactly as such, Mr. Satterfield raises two issues on appeal: 1) whether the Trial Court erred in dismissing Mr. Satterfield's first motion to terminate alimony based upon its interpretation of the MDA; and 2) whether the Trial Court erred in denying Mr. Satterfield's second motion to terminate alimony based upon the principles of *res judicata*. For her part, Ms. Satterfield raises the issue of whether Mr. Satterfield's first issue was appealed timely. Ms. Satterfield also contends that this appeal is frivolous, and she requests attorney's fees and costs on that basis.

We first address Ms. Satterfield's issue of whether Mr. Satterfield's first issue was appealed timely. The Trial Court's July 10, 2012 order addressed the interpretation of the MDA. Ms. Satterfield points out that the notice of appeal in this case references the Trial Court's order of October 8, 2012, wherein the Trial Court addressed Mr. Satterfield's second motion to terminate alimony. Rule 4 of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed in the trial court within 30 days of the final judgment. Thus, if the July 10, 2012 order is a final order, the time for appeal as to that order would long have passed before Mr. Satterfield filed his notice of appeal in November 2012, and we could not properly address Mr. Satterfield's first issue.

We must look to the law on what constitutes a final judgment. Our Supreme Court has stated:

> [I]n a civil case an appeal as of right may be taken only after the entry of a final judgment. Tenn. R. App. P. 3(a). A final judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). In contrast, an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final, but is subject to revision any time before the entry of a final judgment. Tenn. R. App. P. 3(a). Such an order is interlocutory or interim in nature and generally cannot be appealed as of right. *Id*.

*In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). After the Trial Court ruled orally on Mr. Satterfield's first motion to terminate alimony but before it entered its order reflecting this ruling, Mr. Satterfield filed a second motion to terminate alimony under a different theory. Thus, the Trial Court's July 10, 2012 order was not a final judgment because Mr. Satterfield's pending motion to terminate or suspend alimony left the Trial Court with something else to do. On the other hand, neither party disputes the finality of the

-4-

October 8, 2012 judgment or that Mr. Satterfield timely appealed therefrom.[2] We hold that this Court has jurisdiction to hear Mr. Satterfield's issue arising from the July 10, 2012 interim order because the appeal was filed within thirty days of the final judgment entered on October 8, 2012.

Having resolved the jurisdictional issue, we next address whether the Trial Court erred in dismissing Mr. Satterfield's first motion to terminate alimony based upon its interpretation of the MDA. Mr. Satterfield argues that the MDA language requires termination of alimony upon Ms. Satterfield's cohabitation with another man. The Trial Court held that only the utility payments were required to be terminated upon cohabitation. This presents a question of construction of the MDA.

Our Supreme Court has stated that "[a]n MDA is a contract and as such generally is subject to the rules governing construction of contracts." *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001) (citing *Towner v. Towner*, 858 S.W.2d 888, 890 (Tenn. 1993); *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998)). The interpretation of a contract is a question of law. *Buettner v. Buettner*, 183 S.W.3d 354, 358 (Tenn. Ct. App. 2005) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). Therefore, we review a trial court's interpretation of a marital dissolution agreement *de novo* with no presumption of correctness. *Bridges v. Bridges,* 168 S.W.3d 158, 160 (Tenn. Ct. App. 2004).

In *Elliott v. Elliott*, we discussed the nature of marital dissolution agreements and the rules governing their construction, as follows:

> An MDA's provisions pertaining to the division of the parties' marital estate are essentially contractual, even after they have been judicially approved and incorporated into a divorce decree. *Johnson v. Johnson*, 37 S.W.3d at 896; *Wade v. Wade*, 115 S.W.3d 917, 924 (Tenn. Ct. App. 2002); *Gray v. Estate of Gray*, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). The parties may not unilaterally modify an MDA once it has been approved by the trial court. *Johnson v. Johnson,* 37 S.W.3d at 895. In fact, both parties obtain a vested interest in the property allocated to them in the MDA, and neither party may

---

[2]This Court did, however, take note of an issue regarding the finality of the October 8, 2012 order. The October 8, 2012 order left a motion for contempt unresolved, and we directed the appellant to show cause why this appeal should not be dismissed as premature. Neither party desired that this appeal be dismissed. Ms. Satterfield gave notice of voluntary dismissal and the Trial Court dismissed the motion for contempt, thus rendering this appeal ripe for hearing. The record in this case was supplemented to reflect the dismissal of the motion for contempt.

frustrate the other's receipt of his or her vested interest. *Johnson v. Johnson*, 37 S.W.3d at 897.

The portions of an MDA that remain contractual after the trial court has approved them should be construed and enforced like other contracts. *Bogan v. Bogan*, 60 S.W.3d 721, 730 (Tenn. 2001); *Gray v. Estate of Gray*, 993 S.W.2d at 63. Thus, our goal is to ascertain and give effect to the parties' intentions. *Ahern v. Ahern*, 15 S.W.3d 73, 81 (Tenn. 2000). Our search for the parties' intentions must focus on the MDA itself. Each provision of an MDA should be construed in light of the entire MDA, and the language in these provisions should be given its natural and ordinary meaning. We should construe MDAs fairly and reasonably, and we should avoid rewriting these agreements under the guise of "construing" them. *Duvier v. Duvier*, No. 01A01-9311-CH-00506, 1995 WL 422465, at *3 (Tenn. Ct. App. July 19, 1995) (No Tenn. R. App. P. 11 application filed).

*Elliott v. Elliott*, 149 S.W.3d 77, 84 (Tenn. Ct. App. 2004).

The MDA language at issue is as follows:

5. **ALIMONY:** Husband shall pay as periodic alimony the amount of $800.00 per month until such time as Wife remarries with said alimony payments to begin January 1, 1997. In addition to the aforementioned alimony, Husband shall pay the utilities for the marital residence on behalf of his Wife, until such time as she remarries, cohabits with another man, or moves from the marital residence, whichever comes first, at which time his obligation will cease.

This provision requires Mr. Satterfield to do certain things which are subject to termination upon certain acts. First, Mr. Satterfield is required to "pay [Ms. Satterfield] as periodic alimony the amount of $800.00 per month . . . with said alimony payments to begin January 1, 1997." The alimony will carry on "until such time as Wife remarries . . . ." This is the first obligation. Second, Mr. Satterfield is required, "[i]n addition to the aforementioned alimony," to "pay the utilities for the marital residence on behalf of his Wife, until such time as she remarries, cohabits with another man, or moves from the marital residence, whichever comes first, at which time his obligation will cease." We believe that here, "[i]n addition to" unambiguously means that the second obligation and its conditions for termination are distinct from the first obligation and its condition for termination. Cohabitation is not a condition which triggers an end to the $800 per month alimony under the MDA. Therefore, we hold, as did the Trial Court, that while Mr. Satterfield's obligation

-6-

to pay the utilities for the marital residence on behalf of Ms. Satterfield was extinguished as a result of her cohabitation, his duty to pay the $800 per month alimony remained in effect under the MDA. We affirm the Trial Court as to this issue.

We next address whether the Trial Court, applying *res judicata*, erred in denying Mr. Satterfield's second motion to terminate alimony. In *Lien v. Couch*, 993 S.W.2d 53 (Tenn. Ct. App. 1998), this Court discussed various aspects of the doctrine of *res judicata*. We stated:

> Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns*, 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).
>
> Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).
>
> The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster*, 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir. 1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529-30 (Okla. 1995); *see also Rose v. Stalcup*, 731 S.W.2d 541, 542

(Tenn. Ct. App. 1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982).

*Lien v. Couch*, 993 S.W.2d at 55-56. *See also Ostheimer v. Ostheimer*, No. W2002-02676-COA-R3-CV, 2004 WL 689881, at *5 (Tenn. Ct. App. Mar. 29, 2004), *no appl. perm. appeal filed* ("[C]laim preclusion bars any claims that 'were or could have been litigated' in a second suit between the same or related parties involving the same subject matter.").

One of the elements of *res judicata* is that the order at issue was final and on the merits. We held, for reasons discussed above, that the July 10, 2012 order was not final. Therefore, the Trial Court erred in holding that *res judicata* applied to the issue of alimony termination or suspension as raised by Mr. Satterfield's second motion. We remand this case to the Trial Court for a hearing on Mr. Satterfield's motion to terminate or suspend alimony based upon the rebuttable presumption theory.[3]

---

[3] While the July 10, 2012 order was not a final order, we agree with the Trial Court's interpretation of the MDA as discussed fully in this Opinion. We already have rejected, as did the Trial Court, Mr. Satterfield's argument that the MDA provides for termination of the $800 per month alimony upon Ms. Satterfield cohabiting with another man. The further proceedings on the alimony issue for which we remand this case should pertain to Mr. Satterfield's rebuttable presumption theory including what effect, if any, the MDA has on the statutory presumption and its impact on Mr. Satterfield's alimony obligation. This possible interplay between the MDA and Tenn. Code Ann. § 36-5-121(f)(2)(A) and (B) was not addressed specifically in the Trial Court. We believe it appropriate for this issue to be addressed first by the parties to the Trial Court for its initial resolution.

The final issue we address is Ms. Satterfield's issue regarding whether this appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In light of Mr. Satterfield prevailing in part on appeal, we decline to hold this appeal frivolous, and further decline to award Ms. Satterfield any attorney's fees and costs.

## Conclusion

The judgment of the Trial Court is affirmed, in part, and, reversed, in part, and this cause is remanded to the Trial Court for proceedings consistent with this Opinion. The costs on appeal are assessed one-half against the Appellant, Dwight O. Satterfield, and his surety, if any; and, one-half against the Appellee, Margaret H. Satterfield.

_____
D. MICHAEL SWINEY, JUDGE