IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2018 Session

### KATHRYN LYNN JONES v. GARY EDWARD JONES

**Appeal from the Chancery Court for Coffee County**
**No. 2011CV310, L. Craig Johnson, Chancellor**

_____

### No. M2017-01823-COA-R3-CV

_____

This is the second appeal arising from a divorce action. In this appeal, the wife contends the trial court erred by depriving her of the post-trial increase in her proportionate share of marital investment accounts. On remand, the trial court held that the wife was awarded a sum certain as of the date of divorce; thus, the subsequent increase in the value of the account was the husband's property. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Cynthia A. Cheatham, Nashville, Tennessee, for the appellant, Kathryn Lynn Jones.

Gerald Leighton Ewell, Jr., Tullahoma, Tennessee, for the appellee, Gary Edward Jones.

### OPINION

This appeal arises from the divorce action commenced by Kathryn Lynn Jones ("Wife") against Gary Edward Jones ("Husband"). As we stated in the first appeal, *Jones v. Jones*, No. M2015-00042-COA-R3-CV, 2016 WL 4750106, at *1 (Tenn. Ct. App. Aug. 12, 2016),

> Wife filed a Complaint for Divorce on September 7, 2011, and Husband filed an Answer and Counter-Complaint. The trial of the case, at which Wife and Husband testified and 192 exhibits were entered into evidence, was conducted over six days in February and March 2014.

> By order entered on June 24, 2014 ("the final decree"), the [c]ourt, *inter alia*, declared the parties divorced, classified the couple's property as either marital or separate, and divided the property . . . . [T]he court classified an

investment account which it called the "regular Scottrade Account" as marital property and divided it equally between the parties; classified a different account, the "Scottrade IRA," as marital property and awarded 40 percent of the account to Wife and 60 percent to Husband[.] . . . Ultimately, the court awarded Wife marital assets valued by the court at $228,325 and marital debts valued by the court at $35,045; Husband was awarded marital assets valued by the court at $270,559 and marital debts valued at $28,945.

Although the trial court classified the regular Scottrade Account and the Scottrade IRA (collectively, the "Scottrade Accounts") as marital property, the Scottrade Accounts were titled in Husband's name only, and he retained sole control over the accounts after the divorce. Following entry of the final decree, Husband did not post a bond to stay execution on the judgment pending appeal. Thus, Wife was free to execute upon the final decree to receive her share of the Scottrade Accounts. She did not. Consequently, the Scottrade Accounts remained under the control of Husband.

Pending the outcome of the first appeal, the trial court restrained Husband from taking any action concerning the Scottrade Accounts. Nonetheless, Husband bought and sold stocks and withdrew funds. Husband's activity caused a flurry of litigation that purportedly culminated with the parties' agreement to settle all remaining issues. The terms included Wife's acceptance of a sum certain from the regular Scottrade Account and Husband's agreement to dismiss the pending appeal. Later, Wife repudiated her acceptance of the agreement because Husband allegedly violated its terms.

Following the first appeal, in which we affirmed the trial court's classification and division of the accounts, Wife requested the trial court re-calculate the value of her interest in the Scottrade Accounts based on what the values would or should have been if Husband had not made the prohibited transactions. According to Wife, the value of the regular Scottrade Account would have increased to approximately $345,000.00 and the value of the Scottrade IRA would have increased to over $300,000.00, of which she claimed 50% and 40% percent, respectively.

On December 19, 2016, the trial court held a hearing on the matter. The court clarified from the bench that its award to Wife from the Scottrade Accounts was a sum certain based on the value of the accounts as of the date of divorce:

> [I]t's simple. I put it in an order already that says I determined the amount that each account was worth at the time of the divorce. I also assigned a percentage of each account to each party.
> . . . .
> The reason why I did it [was] because I didn't want this issue popping up again. There is an amount on a day certain and each side is to get a certain percentage. That makes it easy. If there is an appeal taken or somebody

doesn't follow the orders of the [c]ourt, then that amount keeps growing at post-judgment interest[.]

. . . .

[T]he amount [Wife] was awarded is the amount set in the divorce decree, and until she gets that amount, it accrues post-judgment interest.

. . . .

Based on my ruling, his dallying in the accounts has no effect . . . on [the] amount that [Wife] is owed and can get.

. . . .

I put down an opinion that included, not only percentages of distribution, but the amounts as of the day of the divorce, so that there would be no question what amounts were due and owing.

Based on the foregoing, and pursuant to the order entered on March 31, 2017, the trial court denied Wife's motion to recalculate her award. This appeal followed.

Although Wife raises four issues and Husband raises one, we have determined that the dispositive issue is whether the trial court impermissibly modified the final decree by ruling that Wife's award from the Scottrade Accounts was a sum certain.[1]

### STANDARD OF REVIEW

Appellate review of a division of marital property is de novo upon the record with a presumption of the correctness of the trial court's findings of fact. Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Dalton v. Dalton*, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993). Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal. *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). The trial court's decision on the distribution of marital property is presumed correct unless

---

[1] In addition to concluding one issue is dispositive of this appeal, we have determined that Wife waived her fourth issue, whether the court erred in refusing to consider certain testimony, because she failed to address it properly in her brief. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). As for Husband's contention that the trial court erred by failing to enforce the Agreement, he waived the issue by failing to develop his argument or cite any authority in support. *See Sneed*, 301 S.W.3d at 615.

the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Wallace*, 733 S.W.2d at 107.

*Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997).

ANALYSIS

Wife contends the final decree of divorce awarded her a percentage of each of the two accounts, not a sum certain. Wife also contends the March 31, 2017 order is void because it constituted an impermissible modification of a final judgment. We respectfully disagree with both contentions.

As Wife correctly notes, "[final judgments] distributing marital property are not subject to modification." *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001) (citing *Towner v. Towner,* 858 S.W.2d 888, 892 (Tenn. 1993)), *abrogated on other grounds by Howell v. Howell*, 581 U.S. ___, 137 S. Ct. 1400 (2017). However, orders of clarification are permissible when their purpose is "to facilitate enforcement of the final order of divorce." *Bridges v. Bridges*, 168 S.W.3d 158, 162 (Tenn. Ct. App. 2004).

In *Bridges v. Bridges*, the trial court awarded the wife "one-half (1/2) of the [d]efendant's retirement from the United States Navy." *Id*. at 159. Seven months later, the Defense Finance and Accounting Service sent the wife notice it was reducing her monthly payment because the trial court awarded no cost of living allowances. *Id*. at 160. The wife moved to modify or clarify the judgment. *Id*. The court granted the motion and "awarded" the wife "a cost of living allowance regarding the husband's military retirement due to the fact the [c]ourt contemplated the cost-living allowance at the initial hearing." *Id*. On appeal, the husband argued that the court's order constituted an impermissible modification of the divorce decree. *Id*. This court held that the trial court's order "was not a modification of the original order, but was an order of clarification, the purpose of which was to facilitate enforcement of the final order of divorce." *Id*. at 162. We also reasoned that the order distributing marital property "was not yet subject to modification absent clarification that Husband's retirement included cost of living allowances." *Id*. at 163.

Here, the final decree awarded Wife "1/2 of Scottrade [. . .]9397" with a listed value of $71,334.53 and "40% of Scottrade [. . .]4261 (Gary Jones IRA)" with a listed value of $89,023.39. In its March 31, 2017 ruling, the trial court stated, *inter alia*, "the Divorce Decree assigned [Wife] a set dollar amount as her award on a day certain." Thus, the March 31, 2017 order merely clarified that the award was for a sum certain based on the Scottrade Account values as of the day of divorce. Consequently, the final decree awarded Wife a monetary judgment for a sum certain that represented a percentage of the account at the time of the divorce. Based on the principles stated in *Bridges*, we hold the March 31, 2017 order is not a modification of the final decree, but a clarification to

- 4 -

facilitate enforcement of the final decree. Therefore, the March 31, 2017 order is not void.

For the foregoing reasons, we affirm the trial court's denial of Wife's motion to re-divide the Scottrade Accounts. Because we affirm the trial court's decision, we need not address Husband's waiver argument.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant, Kathryn Lynn Jones.

_____
FRANK G. CLEMENT JR., P.J., M.S.