# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs August 2, 2013

## RHONDA SUE WATKINS v. KENNETH DANNY WATKINS

### Direct Appeal from the Circuit Court for Williamson County
### No. 09101    Timothy L. Easter, Judge

### No. M2012-02378-COA-R3-CV - Filed August 28, 2013

The trial court granted Father's petition to modify child custody and child support, and denied Mother's petition to increase alimony. Mother appeals. We vacate the trial court's judgment with respect to Mother's petition to modify alimony, and remand for findings of fact and further proceedings, if necessary. The remainder of the judgment is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Vacated in part and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Rhonda Sue Watkins, *Pro se.*

John D. Schwalb, Franklin, Tennessee, for the appellee, Kenneth Danny Watkins.

### MEMORANDUM OPINION[1]

Following apparently acrimonious litigation and a four-day trial, Plaintiff/Appellant Rhonda Sue Watkins (Ms. Watkins) and Defendant/Appellee Kenneth Danny Watkins (Mr. Watkins) were divorced by final decree entered by the Circuit Court for Williamson County

---

[1]Rule 10. Memorandum Opinion.

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on June 23, 2010. In an extremely detailed and comprehensive decree of divorce, the trial court awarded Ms. Watkins a divorce based upon inappropriate marital conduct, divided the parties' property, and awarded Ms. Watkins alimony *in futuro* in the amount of $750 per month until death or remarriage. After hearing the testimony of the parties' minor children in chambers by agreement of the parties, and after considering the statutory factors set-forth in Tennessee Code Annotated § 36-6-106, the trial court named Ms. Watkins primary residential parent and set Mr. Watkins' child support obligation at $1,000 per month. Mr. Watkins was awarded 100 days of alternate residential parenting time pursuant to the Parenting Plan entered on August 2, 2010.

On March 2, 2011, Mr. Watkins filed a petition to change custody and modify child support. In his petition, Mr. Watkins alleged that he and Ms. Watkins had agreed that the children would reside with him where Ms. Watkins had moved to Memphis to reside with her parents in order to provide a more stable environment for the children. He alleged that the children had been residing with him since January 1, 2011, and that he had been providing all of their support. He further asserted that Ms. Watkins had agreed to forego child support where the children were residing with Mr. Watkins. Mr. Watkins asserted that Ms. Watkins had refused to sign a proposed amended parenting plan, and alleged that a substantial and material change in circumstance had occurred which justified modification of the parenting plan. He asserted the court should adopt his proposed parenting plan, retroactive to January 1, 2011. The parenting plan proposed by Mr. Watkins named him primary residential parent and provided Ms. Watkins with 100 alternate residential parenting days. It attributed gross income in the amount of $6500 per month to Mr. Watkins, gross income in the amount of $1941.33 to Ms. Watkins, and proposed that Ms. Watkins' child support obligation be set at $183 monthly.

Ms. Watkins answered Mr. Watkins' petition on April 27, 2011. In her answer, Ms. Watkins denied Mr. Watkins' assertion that he had been the children's "de facto" custodial parent since January 1, 2011, and had provided for all of their support; denied that a material change in circumstances had occurred; and denied that the court should adopt Mr. Watkins' proposed parenting plan.

Ms. Watkins' legal counsel died while this matter was pending, and on January 23, 2012, Ms. Watkins file a pro se petition to modify the final decree and for "financial relief." In her petition, she asserted that she had misunderstood the trial court's instructions during the course of the divorce proceedings regarding assignment of the parties' debt, and that she had indicated that debt created by Mr. Watkins was "joint," when it in fact was incurred by Mr. Watkins. She indicated that her attempts to contact creditors to settle debt assigned to her had been unsuccessful because creditors refused to provide any information where her name was not on the relevant accounts. She further asserted that Mr. Watkins informed her

"that he bankrupt everything"; that she had lost her employment with Bren, Inc.; that her home had been foreclosed upon prior to the final divorce; and that she had paid most of her attorneys' fees in the amount of $36,000. She prayed the court to "relieve her of any responsibility with regard to" the indicated debts. Ms. Watkins also filed a motion for an increase in alimony in an unspecified amount. On June 13, 2012, Ms. Watkins moved the court to order Mr. Watkins to pay unspecified alimony shortages and to pay alimony as ordered on time.

Following contentious proceedings and a failed attempt to mediate the matter, the matter was heard by the trial court on August 17, 2012. By order entered September 20, 2012, the trial court granted Mr. Watkins' petition to change custody and modify child support, and adopted his proposed parenting plan. The trial court ordered Mr. Watkins to arrange counseling for the parties' children, at Mr. Watkins' expense, to "enable them to form some further relationship with their mother[,] which has been largely nonexistent since 2011." The trial court awarded Mr. Watkins back child support in the amount of $3,000, to be paid at the rate of $50 per month. The trial court denied Ms. Watkins' petition for an increase in alimony. The trial court denied all outstanding motions as "moot, unnecessary or as having been abandoned due to the failure of any proof necessary to sustain such motion[.]" Mr. Watkins' request for attorney's fees was denied.

Ms. Watkins filed a notice of appeal on October 19, 2012. On January 3, 2013, the trial court ordered the testimony of the parties' children received by the court on August 17, 2012, to be filed with the clerk of the court under seal and accessed by court order only. Oral argument was waived, and the matter was assigned to the Western Section of this Court on August 2, 2013.

### Issues Presented

Acting *pro se*, Ms. Watkins presents eleven issues for our review as we perceive her statement of the issues. The issues presented by this appeal, as we perceive them, are:

(1)     Whether the trial court erred by denying Ms. Watkins' petition to increase alimony.

(2)     Whether the trial court erred in modifying the parties' parenting plan to name Mr. Watkins primary residential parent.

(3)     Whether the trial court erred in its evidentiary decisions.

(4)     Whether the trial court erred by ordering the testimony of the parties' children to be entered under seal.

(5)     Whether the trial court erred by not awarding her a new trial on matters of the division of the parties' debt.

(6)     Whether the trial court erred in dismissing any remaining issues.

### *Standard of Review*

We review the trial court's findings of fact *de novo* on the record, with a presumption of correctness, and will not reverse those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not reevaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

### *Discussion*

We turn first to the trial court's order placing the testimony of the minor children under seal. Although in her Statement of the Issues Ms. Watkins' asserts the trial court's decision to seal the children's testimony was error, she fails to address this issue in the Argument section of her brief. Issues raised in a Statement of the Issues but not addresses in the Argument portion of a brief are waived. Tenn. R. App. P. 27(1)(7); *Randolph v. Meduri*, — S.W.3d —, 2011 WL 721474 (Tenn. Ct. App. Mar. 2, 2011). We accordingly decline to address this issue. Similarly, Ms. Watkins has waived her evidentiary issues where she fails to identify in her Brief which evidentiary determinations of the trial court she contends were in error.

We turn next to Ms. Watkins' assertion that the trial court erred by failing to modify the parties' decree of divorce with respect to the division of the parties' debt, or to grant her a new trial on that issue. The trial court's final judgment dividing the parties' property and debts in the final decree of divorce was entered on June 23, 2010. That judgment was not appealed. A court's division of property in a divorce action is not subject to later modification. *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001). This issue is without merit.

We turn next to Ms. Watkins' assertion that the trial court erred in denying her petition to increase alimony. The party seeking to modify an award of alimony bears the burden to

demonstrate that a substantial and material change in circumstances has occurred that warrants modification. *Bogan v. Bogan,* 60. S.W.3d 721, 728 (Tenn. 2001). A material change in circumstances is one that occurred since entry of the divorce decree and that was not anticipated by the parties at the time the final decree was entered. *Id.* (citations omitted). A change in circumstances is substantial "when it significantly affects either the obligor's ability to pay or the obligee's need for support." *Id*.

In this case, the trial court made no specific findings of fact in its September 20, 2012, order, but incorporated findings of fact and conclusions of law set forth in the transcript of the August 17, 2012, hearing of the matter. Upon review of the transcript, we find no specific findings of fact with respect to whether a material and substantial change in circumstances had occurred since entry of the final decree of divorce. However, the trial court found that Ms. Watkins was in need of increased alimony, but that Mr. Watkins did not have the ability to pay more than he was currently paying.

Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in relevant part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Before July 1, 2009, trial courts were required to make specific findings of fact and conclusions of law only "upon request made by any party prior to the entry of judgment." *Iman v. Iman*, No. M2012–02388–COA–R3–CV, 2013 WL 3788259, at *12 (Tenn. Ct. App. July 16, 2013)(citation omitted). The amended version of Rule 52.01, however, requires the court to make these findings notwithstanding the absence of a request by a party. *Id.* Generally, we will vacate a trial court's ruling on a claim when the trial court fails to make appropriate findings of fact and conclusions of law that enable this Court to determine the basis for the trial court's judgment. *Id.* at *12-13.

As noted above, it does not appear that the trial court made any findings with respect to whether a material change in circumstance had occurred warranting an increase in alimony. However, the trial court appears to have reached the conclusion that Ms. Watkins was in need of additional alimony but that Mr. Watkins did not have sufficient income to pay more than $750 as ordered in 2010. Notwithstanding this conclusion, the trial court made no findings with respect to either party's income or expenses or needs. We accordingly vacate the trial court's judgment denying Ms. Watkins' petition to modify alimony and

remand this matter to the trial court for further findings and, if necessary, further proceedings on this issue.

We turn next to Ms. Watkins' assertion that the trial court erred by modifying the parenting plan to name Mr. Watkins primary residential parent. Upon review of the record, the evidence does not preponderate against the trial court's determination that a material change in circumstance occurred and that modification of the parenting plan was in the children's best interest. The trial court found that Ms. Watkins' health and mental health issues were "significant enough to rise to the level of a change in circumstance." It further found that Ms. Watkins had neither stable housing nor stable employment. Nothing in the record contradicts these findings. Indeed, Ms. Watkins does not dispute them. The trial court considered the statutory factors and determined that modification of parenting time was in the children's best interest, and there is nothing in the record to preponderate against this finding. We affirm on this issue.

We finally turn to whether the trial court erred by dismissing any remaining issues. Ms. Watkins does not indicate in her brief what issues remain unresolved in this matter, and, in light of the foregoing discussion with respect to the parties' property, we cannot discern unresolved issues. With respect to Ms. Watkins' request that Mr. Watkins be ordered to abide by the court's orders, it is so ordered.

### *Holding*

In light of the foregoing, the judgment of the trial court is vacated with respect to Ms. Watkins' petition for modification of alimony. This matter is remanded to the trial court for findings and further proceedings, if necessary, on that issue only. The remainder of the trial court's judgment is affirmed. Costs of this appeal are taxed one-half to the Appellee, Kenneth Danny Watkins, and one-half to the Appellant, Rhonda Sue Watkins. Mr. Watkins' request for attorney's fees on appeal is denied. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
DAVID R. FARMER, JUDGE