IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 18, 2018

**LINDA SUE HASSLER v. RIDLEY DAVID HASSLER**

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2016-PF-5294      Larry M. Warner, Judge**

_____

**No. E2017-02365-COA-R3-CV**

_____

The parties negotiated, signed, and submitted to the trial court a marital dissolution agreement. The trial court approved and incorporated the MDA into its final judgment. Twenty-nine days after entry of the judgment, Ridley David Hassler (husband) filed a "motion to set aside" the final judgment and MDA. He told the trial court that he wanted to repudiate the MDA, arguing that it was ambiguous and that he and Linda Sue Hassler (wife) had differing interpretations of it. The trial court denied the motion, finding the MDA unambiguous, valid, and enforceable. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Randal R. Boston, Crossville, Tennessee, for the appellant, Ridley David Hassler.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Linda Sue Hassler.

**OPINION**

**I.**

Wife filed for divorce on September 30, 2016. Following mediation and negotiation, the parties signed the MDA on June 26, 2017. Each party was represented by counsel. The MDA addresses property division. The parties have no children and agreed that neither would pay spousal support. They owned real estate in Crossville and

-1-

a condominium in Destin, Florida. The MDA provides that wife will receive the Crossville property and husband the Florida condominium. The provisions of the MDA at issue provide as follows:

> <u>REALTY</u>: The parties herein own real property located at 42 Adelaide Street, Crossville, Tennessee (including adjacent lot) and Condominium Unit No. 1414 of SunDestin International located in Destin, Florida.
>
> The parties have agreed that the Wife shall receive the property located at 42 Adelaide Street, Crossville, Tennessee. The Wife shall assume and pay any and all outstanding indebtedness due and owing on said property and shall hold the Husband harmless from payment of same. The Wife agrees to refinance said property to remove the Husband's name. The Husband shall be divested of any and all right, title and interest in the above listed property and shall execute a QuitClaim Deed(s) to the Wife.
>
> *      *      *
>
> <u>DEBTS</u>: Other than the above referenced each party agrees to pay any and all debts in their own individual name holding the other party harmless from any indebtedness thereon.

(Underlining in original.)

The Crossville property was encumbered with a deed of trust in the amount of $125,000. There was also a debt in the amount of $45,000 on a line of credit solely in husband's name. Husband testified that the $45,000 was spent to purchase the lot adjacent to the marital residence in Crossville and to renovate the marital residence. He thought that wife would be responsible for the $45,000 debt under the MDA's provision that she "shall assume and pay any and all outstanding indebtedness due and owing on said property."

The parties submitted their signed and notarized MDA to the trial court. In the final divorce judgment, entered on June 26, 2017, the trial court stated that the MDA "is fair and equitable" and "is in all respects ratified and approved by this Court and is made part of this [d]ecree by reference." Thereafter, husband learned that wife did not list the

$45,000 debt as hers when she attempted to refinance the Crossville property as the MDA required.  On July 25, 2017, husband filed a "motion to set aside final order of divorce and marital dissolution agreement."  He alleged that he "believed that the agreement he made included the $45,000.00 owed to First National Bank of Tennessee which was spent exclusively for the benefit of the adjoining lot and renovations for 42 Adelaide Street, Crossville, Tennessee."  Husband argued that the MDA "was obscure in its clarity of the intent of the parties and the inadequacy of the wording the parties in reality did not agree with the intent of the resolution proposed."

After a hearing at which husband briefly testified, the trial court denied the motion to set aside, finding the MDA to be clear and unambiguous.  Husband timely filed a notice of appeal.

## II.

As the Supreme Court observed in *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006),

> Our review is de novo upon the record of the proceedings below with a presumption of correctness as to the trial court's factual findings unless the evidence preponderates against those findings.  Tenn. R. App. P. 13(d).  The trial court's conclusions of law, however, are accorded no such presumption.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

> A marital dissolution agreement is a contract and thus is generally subject to the rules governing construction of contracts.  *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001); *Honeycutt v. Honeycutt*, 152 S.W.3d 556, 561 (Tenn. Ct. App. 2003).  Because "the interpretation of a contract is a matter of law, our review is de novo on the record with no presumption of correctness in the trial court's conclusions of law." *Honeycutt*, 152 S.W.3d at 561 (citations omitted).

## III.

This Court has held on several occasions that

> Marital dissolution agreements are contractual and, once approved by the trial court, "become legally binding

-3-

obligations on the parties." *Long v. McAllister–Long*, 221 S.W.3d 1, 8-9 (Tenn. Ct. App. 2006), *perm. app. denied* (Tenn. Jan. 29, 2007) (explaining that with the two "notable exceptions" of child support and alimony, which remain modifiable by the courts, "the agreements in a marital dissolution agreement are enforceable contract obligations").

*McKay v. McKay*, No. M2016-01989-COA-R3-CV, 2018 WL 742075, at *4 (Tenn. Ct. App., filed Feb. 7, 2018). In *Barnes,* the Supreme Court upheld the trial court's refusal to allow a party to a signed and notarized MDA that had been presented to the trial court to repudiate the agreement before the trial court approved it. 193 S.W.3d at 497. The *Barnes* Court held the MDA to be an enforceable agreement and found that "Husband has provided no valid defense to the agreement's enforcement." *Id.* at 501. The facts of this action are similar to *Barnes*, but present a stronger case for enforcement of the MDA, because in this case the trial court approved and incorporated it into its final judgment before husband attempted to repudiate it.

Husband testified as follows:

Q. And prior to the hearing, this Marital Dissolution Agreement was prepared and you had the opportunity to read it with your lawyer, is that right?

A. Yes.

\*      \*      \*

Q. And the two of you signed this document; you don't dispute that?

A. No.

Q. Okay, and then we came to court and you raised your right hand and she raised her right hand, and we announced the terms. The Judge asked each of you again if you understood it and you both nodded that you did, is that right?

A. Yes.

Q. And are you aware that under Debts, it talks about each of you are responsible for debts that ha[ve] your own individual names?

A. Yes.

Q. And that line of credit which we were just talking about, is it in your own name?

A. Yes.

Q. And it's not secured by a mortgage or any other instrument to that Adelaide property, is it?

A. No.

Q. And so, when the Marital Dissolution Agreement talks about – on Page 4 under Realty – that [wife] received the property at 42 Adelaide and she will assume any indebtedness on the property and refinance, the refinance that we're talking about is with your best friend; that's the only mortgage on that property, isn't it?

A: Yes, it is.

The MDA recites that "[e]ach party acknowledges that this agreement has been entered into of his or her own volition with full knowledge and information" and "[e]ach believes the terms and conditions to be fair and reasonable under the circumstances."

At the conclusion of the hearing, the trial court stated as follows:

I just can't see how it [the MDA] can be any clearer. I mean, there's just no doubt about what it says. It will be a matter for the Court of Appeals to look at. I would construe it exactly the way you [wife] are presenting it. I mean, that's the only way I can read it. I can't read anything else into it. I just can't.

Like the trial court, we find the MDA clear, unambiguous, and enforceable. "Because the parties are not entitled to a marital dissolution agreement that is different from the one they negotiated, we must avoid rewriting the agreement under the guise of 'construing'

-5-

it." ***Long***, 221 S.W. 3d at 9. Furthermore, "[a]n ambiguity does not arise in a contract merely because the parties may differ as to interpretations of certain of its provisions." ***Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Systems, Inc.***, 884 S.W.2d 458, 462 (Tenn. Ct. App. 1994). As in ***Barnes***, husband did not establish a valid defense to the contract he negotiated, signed, and presented to the trial court, and which the court approved before his attempt at repudiation.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Ridley David Hassler.

_____
CHARLES D. SUSANO, JR., JUDGE