FILED
04/20/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2019 Session

## HERTZ KNOXVILLE ONE, LLC v. EDISONLEARNING, INC.

Appeal from the Circuit Court for Knox County
No. 2-246-17        William T. Ailor, Judge

_____

### No. E2019-00267-COA-R3-CV

_____

This is a breach of contract action involving a commercial lease.  The plaintiff filed suit for non-payment of rent.  The defendant claimed that it was not liable because it provided notice of early termination pursuant to the terms of the contract.  The plaintiff moved for summary judgment, claiming that notice was not provided within the time set forth in the contract.  The trial court granted summary judgment in favor of the plaintiff.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

J. Bennett Fox, Jr., Memphis, Tennessee, for the appellant, EdisonLearning, Inc.

Dean T. Howell and C. Gavin Shepherd, Knoxville, Tennessee, for the appellee, Hertz Knoxville One, Inc..

**OPINION**

### I.        BACKGROUND

Hertz Knoxville One, Inc. ("Plaintiff") is the owner of the Riverview Tower office building in Knoxville, Tennessee.  EdisonLearning, Inc. ("Defendant") entered into a 10-year lease for the 10th floor of the building from December 8, 2009, through August 31,

2020.[1] The lease contained the following early termination clause:

> Subject to all of the terms and conditions of this Exhibit G, [Defendant] shall have the one-time option to terminate the Lease as to all, but not less than all, of the Premises, said termination to be effective on August 31, 2015 (the "Proposed Termination Date"), if [Defendant] strictly complies with all of the following early termination requirements (except to any extent waived by Landlord in writing):
>
> (a)     Upon the delivery of the Termination Notice, and upon the Proposed Termination Date, (i) no Tenant Default exists, and no act or omission by Tenant has occurred which, with the giving of notice and/or passage of time could constitute a Default, and (ii) there shall have been no assignment or delegation of Tenant's interest in the Lease or any of Tenant's rights or obligations under the Lease, except to any Permitted Transferee, and there shall have been no subletting of all or any portion of the Premises.
>
> (b)     No later than December 1, 2014, Tenant must provide written notice (the "Termination Notice") to Landlord of Tenant's exercise of the Termination Option.   Time is of the essence in connection with this Termination Option.
>
> (c)     Tenant must comply with all provisions of the Lease with respect to the termination of the Lease and surrender of the Premises to Landlord.
>
> (d)     Tenant must continue to pay all Base Rate, Additional Rent and other sums due under the Lease through the Proposed Termination Date even though billings for such may occur subsequent to the Proposed Termination Date.
>
> (e)     Tenant must pay to Landlord the Cost Recovery Payment (defined below), which amount will be used by Landlord to partially offset Landlord's costs of certain tenant improvements in the Premises and Landlord's costs in connection with the early termination of the Lease.

In 2014, Defendant hired Ascend Partners ("Ascend"), a consulting firm, to assist in the restructuring of the corporation.   Ascend recommended exercising the early termination clause in the lease and assured Defendant that it would provide the notice. When Ascend failed to provide the requisite notice, Defendant prepared a notice of early termination and emailed the notice to Plaintiff on December 4, 2014.

---

[1] Plaintiff assumed the lease agreement from its predecessor in title.

Plaintiff rejected the notice of early termination as untimely.[2] Defendant remained in the building and complied with the lease terms through January 2017 but has failed to pay rent since that time.[3] Plaintiff filed a detainer warrant in Knox County General Sessions Court, commencing this litigation. On May 9, 2017, the Parties reached an agreement in which Plaintiff obtained a judgment of possession. Plaintiff then leased a portion of the premises to a new tenant in an attempt to mitigate its damages. The General Sessions Court entered a judgment in the amount of $140,500 against Defendant for rent owed through June 2017, less rent received from the new tenant.

Defendant appealed to Knox County Circuit Court, where the issue of damages was heard anew. Plaintiff moved for summary judgment, citing Defendant's failure to provide timely notice of early termination pursuant to the terms of the contract. Plaintiff requested judgment for unpaid rent, interest, and attorney's fees. Plaintiff submitted deposition testimony in support of its request for summary judgment in which the timeline of events was confirmed by multiple witnesses. Notably, the Parties agreed that notice was not provided until December 4, 2014, and that Defendant ceased its payment of rent, beginning February 2017. However, Defendant denied its breach of the contract, citing its good faith attempt to comply with the early termination clause and Plaintiff's failure to honor the same, despite the lack of prejudice by a three-day delay in receiving notice. Defendant claimed that Plaintiff accepted delayed compliance with the terms of the contract in the past without claiming default or non-compliance.

The case proceeded to a hearing, after which the court granted summary judgment in favor of Plaintiff, finding that Defendant failed to comply with the terms of the contract and was liable for its non-payment of rent, beginning in February 2017. The court awarded damages for unpaid rent, pre-judgment interest, and attorney's fees. This timely appeal followed.

## II.    ISSUE

We consolidate and restate the issues on appeal to the following single dispositive issue: Whether the court erred in granting summary judgment in favor of Plaintiff, finding that Defendant failed to comply with the terms of the contract and holding Defendant liable for unpaid rent.

---

[2] The notice was also addressed to Plaintiff's predecessor in title and provided via email and not by mail as anticipated in the contract.

[3] Defendant attempted to sublease the premises but was unsuccessful.

# III. STANDARD OF REVIEW

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Id.* at 265. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

# IV. ANALYSIS

This court has provided the following guidance in resolving a dispute concerning the interpretation of a contract:

[O]ur task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, Corbin on Contracts, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and

- 4 -

to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id.* (quoting 17 Am. Jur. 2d, Contracts, § 245).

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005), *perm. app. denied* (Tenn. Jan. 30, 2006). A court will not look beyond the four corners of the document to determine the parties' intent when the contract is unambiguous. *Williams v. Larry Stoves and Lincoln Mercury, Inc.*, No. M2014-00004-COA-R3-CV, 2014 WL 5308634, at *4 (Tenn. Ct. App. Oct. 15, 2014). An ambiguity "does not arise in a contract merely because the parties may differ as to interpretations of certain of its provisions. Rather, a contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001) (internal quotation marks and citations omitted).

Here, the unambiguous terms of the contract provide an early termination clause that required notice by December 1, 2014. The Parties agree that notice was not provided by December 1, that Defendant remained on the property and remitted payment for rent pursuant to the terms of the contract through January 2017, and that Defendant ceased its payment of rent, beginning February 2017. Failure to pay rent is a breach of the terms of the contract. Defendant cites its attempt to provide notice of early termination two years prior to its breach in its defense. The undisputed facts establish that Defendant did not timely provide notice.

Defendant claims that the delay in providing notice would not prejudice Plaintiff and that the rejection of the notice was a breach of the covenant of good faith and fair dealing. The covenant of good faith and fair dealing has been explained as follows:

> While this covenant does not create new contractual rights or obligations, it protects the parties' reasonable expectations as well as their right to receive the benefits of their agreement. *Lopez v. Taylor*, 195 S.W.3d 627, 633 (Tenn. Ct. App. 2005). The covenant imposes a duty on the contracting parties to do nothing that will impair or destroy the rights of the other party to receive the benefits of the contract. *Elliott v. Elliott*, 149 S.W.3d at 85.

*Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006).

Here, Plaintiff simply relied upon the terms of the contract in rejecting the notice. While the Parties engaged in negotiations to allow for Defendant's early termination, they did not come to an agreement. Defendant continued to occupy the premises and pay rent pursuant to the terms of the contract well beyond the early termination date and only claimed reliance upon the untimely notice following its breach of the contract and the filing of the lawsuit. Under these circumstances, we affirm the court's finding of a breach of the terms of the contract and ultimate grant of summary judgment.

## V. CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, EdisonLearning, Inc.

_____
JOHN W. MCCLARTY, JUDGE