# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 1, 2025

## KEITH R. PRATHER v. YVONNE R. PRATHER

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-19-246      Joel Wallace, Judge**

_____

## No. M2025-00315-COA-R3-CV

_____

The parties obtained a divorce in the Chancery Court for Montgomery County ("the Trial Court"). On appeal, the wife disputes the Trial Court's calculation of her portion of the husband's military retirement pay. Upon our review, we determine that the Trial Court miscalculated the wife's portion given that it calculated her portion based on the parties' date of informal separation, rather than the date of the husband's retirement from the military. In doing so, the Trial Court misclassified marital property as separate property. We, accordingly, vacate the Trial Court's classification of the husband's military retirement pay as partially separate property acquired during the marriage and the Trial Court's division of the entire marital estate, insofar as the Trial Court's improper classification of this marital asset affects the equitable division of the marital estate as a whole. We remand this cause to the Trial Court for it to properly classify the husband's military retirement pay as marital property acquired during the months of the marriage, recalculate its division of this marital asset, and re-access its division of the entire marital estate in light of its reclassification and recalculation of its division of this marital asset.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Vacated in Part; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

John T. Maher and Nicholas A. Bellamy, Clarksville, Tennessee, for the appellant, Yvonne R. Prather.

Mark T. Freeman and Kristen J. Johnson, Nashville, Tennessee, for the appellee, Keith R. Prather.

# OPINION

## Background

In April 2019, Keith R. Prather ("Husband") filed a complaint for divorce against his wife, Yvonne R. Prather ("Wife") in the Trial Court. They were married in January 1981. Husband alleged irreconcilable differences and inappropriate marital conduct as grounds for divorce. Wife filed an answer and a counter-complaint, alleging irreconcilable differences, inappropriate marital conduct, and adultery as grounds for divorce.

In a judgment entered in October 2023, the Trial Court granted Wife a divorce from Husband, finding that he admitted to "engaging in certain conduct that would constitute inappropriate marital conduct." The Trial Court found that the parties married in 1981 and that Husband's career in the miliary spanned from 1978 until his retirement in 2019.

The Trial Court found that the parties started living apart in 2010 when Husband was recalled for military service. Wife did not want to relocate with Husband. Since 2010, Husband relocated to Georgia, New Jersey, and Maryland, not returning to Tennessee until 2021.

The Trial Court further found that Husband received military retirement, Veterans Affairs retirement, Veterans Affairs disability, and social security disability. The Trial Court granted each party ownership of their own retirement accounts in their respective names.

Wife filed a motion for a new trial or to reconsider and make additional findings of fact and conclusions of law. She argued, *inter alia*, that the Trial Court did not make findings of fact or conclusions of law with respect to her interest in Husband's military retirement. Husband filed a response, arguing that the Trial Court gave Wife no interest in his military retirement and that there was no reason to change that.

In February 2025, the Trial Court entered an order addressing Wife's motion and finding that it had intended to award Wife a portion of Husband's military retirement. The Trial Court explained:

> The court, through an oversight, failed — yet intended — to award Wife a portion of Husband's military retirement. The Court finds Wife provided support to Husband during portions of his military career through her work at home but that the parties separated long before Husband retired from the military and the parties lived apart during which Wife's support of Husband was greatly reduced or even halted. It is equitable to divide

Husband's military retirement pay an[d] award Wife a portion reflecting the time they were together and she was actively supporting him.

Thus, Wife is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 348 months (January 1981-January 2010) of marriage during the member's creditable military service, divided by the member's total number of months of creditable military service.

Wife appealed.

## Discussion

Although not stated exactly as such, Wife raises one issue on appeal: whether the Trial Court erred in calculating her portion of Husband's military retirement by using the date of the parties' informal separation rather than the date of Husband's retirement. We interpret this as an issue involving the Trial Court's decision to classify Husband's military retirement as partially marital and partially separate property.

The standard of review is as follows:

In an appeal from a bench trial, we review findings of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). However, we review questions of law de novo with no presumption of correctness. *See Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

*Sample v. Sample*, 605 S.W.3d 629, 634 (Tenn. Ct. App. 2018).

With respect to classification and division of a spouse's military retirement, this Court has explained:

Pursuant to federal law, a state court may treat disposable retirement pay of a military retiree as solely the retiree's property or as property of the retiree and his spouse "in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). In Tennessee, marital property includes the value of vested and unvested pension rights that accrued during the marriage. Tenn. Code Ann. § 36-4-121(b)(1)(B). "[M]ilitary retired pay is marital property subject to equitable distribution." *Johnson v. Johnson,* 37 S.W.3d 892, 895 (Tenn. 2001).

*Gonzalez v. Gonzalez*, No. M2008-01743-COA-R3-CV, 2011 WL 221888, at *2 (Tenn. Ct. App. Jan. 24, 2011).

On appeal, Wife argues that the Trial Court should have awarded her 50% of Husband's military retirement based on the months between the date of their marriage in 1981 and the date of Husband's retirement in 2019, rather than the date of their separation in 2010. Husband argues that the Trial Court acted within its sound discretion by dividing his military retirement pay the way that it did. While both parties focus on the division of the assets, the initial question concerns the Trial Court's classification of this asset.

Both parties rely on this Court's decision in *Sample v. Sample* in support of their arguments. In *Sample*, the husband and the wife married in 2009 but physically separated in 2015 after the marriage had deteriorated. *Sample*, 605 S.W.3d at 632. The trial court entered a final decree of divorce in 2017. *Id.* In calculating the wife's portion of the husband's military retirement pay, the trial court found that the couple had been together for 75 months during the husband's military service, from the date of their marriage in 2009 until the date of their physical separation in 2015. *Id.* at 632-33. Much like the Trial Court in this case, the trial court in *Sample* determined that "because Wife did not contribute in any way to Husband's military service after their physical separation, Wife was only entitled to a portion of Husband's military retirement pay based on this 75-month period." *Id.* at 633. This Court reversed the trial court, explaining:

> In light of the federal statutory and regulatory language, and for purposes of the disposable retired pay calculation, the length of Husband and Wife's marriage during Husband's creditable service must take into account all of the months of their actual marriage, ceasing at the date of their final decree of divorce, not the date of their physical separation.

*Id.* at 636 (footnote omitted). Thus, Wife argues on appeal that the Trial Court made the same mistake made by the trial court in *Sample* and that we should reverse.

Husband argues that *Sample* is inapplicable to the present case, noting that the *Sample* Court made its decision based on the National Defense Authorization Act for Fiscal Year 2017 ("NDAA 2017"). As Husband points out, this Court in *Sample* explained:

> On December 23, 2016, Congress passed the National Defense Authorization Act for Fiscal Year 2017[1] ("NDAA 2017"). <u>Before, state</u>

---

[1] National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 641, 130 Stat. 2000 (2017).

<u>trial courts had been permitted to develop and implement their own methods for dividing military retirement pay</u>; however, with the passage of the NDAA 2017, Congress created a uniform standard for such division and provided new limitations for disposable military retirement pay. The amended and most recent version of the relevant statute reads:

> [I]n the case of a division of property as part of a final decree of divorce, dissolution, annulment, or legal separation that becomes final prior to the date of a member's retirement, the total monthly retired pay to which the member is entitled shall be . . . the amount of retired pay to which the member would have been entitled using the member's retired pay base and years of service *on the date of the decree of divorce*, dissolution, annulment, or legal separation, as computed under [Section 1407] . . . .

[10 U.S.C.] § 1408(a)(4)(B)(i).

* * *

> According to the Department of Defense Financial Management Regulations ("DoD Regulations"), the changes implemented by the NDAA 2017 apply to cases "where the former spouse and member were divorced after December 23, 2016, when the court awards the former spouse a division of property and <u>the member has not yet retired</u>." Department of Defense Financial Management Regulation, DoD 7000.14-R, Volume 7B, Chapter 29, paragraph 290801 (June 2017) ("DoD Reg.").

*Id.* at 634-35 (emphasis added).

Husband argues that the changes implemented by the NDAA 2017 do not apply to this case given his retirement four years prior to the divorce hearing. In contrast to this case, the husband in *Sample* had not yet retired at the time of his divorce, and this Court accordingly applied the NDAA 2017 to that case. We do not have that scenario here. Citing *Sample*'s language that before the passage of the NDAA 2017, "state trial courts had been permitted to develop and implement their own methods for dividing military retirement pay," Husband argues that the Trial Court was free to "develop and implement" its own method, including its use of the date of physical separation. *Id.* Nevertheless, even if the NDAA 2017 does not apply here, we do not draw the same conclusion as Husband.

The NDAA 2017's inapplicability does not necessarily mean that the Trial Court was permitted to effectively pick a hypothetical retirement date based on the parties'

physical separation in the classification of this asset as marital or separate. *Sample*'s guidance that a hypothetical retirement date be assigned as the date of the decree of divorce does not *ipso facto* favor Husband's position that Tennessee courts, prior to the NDAA, could ignore the military member's *actual* retirement date in favor of the date of the couple's informal, physical separation.

Tennessee law provides that marital property "means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce." Tenn. Code Ann. § 36-4-121(b)(1)(A) (West July 1, 2017 to March 30, 2022). Moreover, Tenn. Code Ann. § 36-4-121(b)(1)(B)(ii) provides: "'Marital property' includes the value of vested and unvested pension benefits, vested and unvested stock option rights, retirement, and other fringe benefit rights accrued as a result of employment during the marriage[.]" (Emphasis added.) Therefore, the Trial Court should have considered Husband's creditable years of service during the marriage, rather than the years of marriage up to the date Husband moved out of the marital home in its classification of this asset.

Given that the proportion of a member's military retirement subject to division is the total years of the member's years of creditable service divided by the overlap between the marriage and the member's years of creditable service, Husband's military retirement was marital property from the time of the marriage in 1981 until his retirement in 2019, not the date of their separation in 2010. Husband retired during the marriage; therefore, the Trial Court should have used his retirement date, rather than the separation date, in classifying the retirement as marital property, excepting his military service from 1978 to the date of marriage in 1981.

Although Tenn. Code Ann. § 36-4-121(b)(1)(A) provides that "[i]f the marital property is divided as part of the order of legal separation, any property acquired by a spouse thereafter is deemed separate property of that spouse," neither party indicates on appeal that their marital property was divided as part of a legal separation order in 2010 or at any other time before the judgment entered in October 2023.

We determine that the Trial Court erred by calculating Wife's portion of Husband's military retirement based on the date of the parties' informal separation, rather than the date of Husband's retirement from the military. We vacate the Trial Court's classification of this marital asset as partially separate property and, as a consequence, its division of the marital estate as a whole. We remand this cause for the Trial Court to classify Husband's military retirement as marital property from 1981 to 2019 and recalculate Wife's portion of Husband's military retirement using the number of months between the date of their marriage in 1981 and the date of Husband's retirement in 2019. The Trial Court, however, is free to award Wife less than 50% of this fraction in order to

account for the marriage's inactivity from 2010 onward, if it finds it equitable to do so in accordance with Tenn. Code Ann. § 36-4-121.

## Conclusion

For the foregoing reasons, we vacate the Trial Court's classification of Husband's military retirement and its division of the entire marital estate. We remand this cause for the Trial Court to reclassify and recalculate its division of this marital asset based on the principles set forth in this Opinion. In doing so, the Trial Court should re-access its division of the entire marital estate and ensure the overall division of the marital property is equitable in light of its reclassification and division of this marital asset. We further remand this cause for collection of costs below. Costs of this appeal are assessed against the appellee, Keith R. Prather.

s/ D. Michael Swiney_____
D. MICHAEL SWINEY, CHIEF JUDGE